UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAYQUAN D. VANCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: ) |
| INDIANAPOLIS PUBLIC TRANSPORTATION CORPORATION d/b/a INDYGO, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Sayquan D. Vance ("Vance"), brings this action against Defendant, Indianapolis Public Transportation Corporation d/b/a IndyGo ("Defendant"), for unlawfully violating his rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII").

## PARTIES

2. Vance has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. Vance was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Vance satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Vance. He now timely files his lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Vance is male.

10. Defendant hired Vance on or about March 20, 2023.

11. Vance was hired as a benefits specialist in Defendant's human resources department.

12. Vance's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

13. Vance identifies as a homosexual male who is attracted to other males.

14. Early on in his tenure at Defendant, Vance was questioned by his supervisor, Denai Bracey ("Bracey"), about his eyebrow arches and whether or not he wore makeup. Vance reasonably believed he was receiving these questions due to the fact that he identifies as a homosexual male.

15. On or about May 25, 2023, Bracey, Vance, and another co-worker, Xena Williams ("Williams"), had a meeting. During this meeting Vance and Williams casually mentioned that they wanted to go to the live-action Little Mermaid movie. Upon hearing this, Bracey asked Vance whether he "liked females" and whether he and Williams were together. Vance reasonably took offense to this as questioning his sexuality and as constituting harassment based on sex.

16. Approximately a week later, Vance sent an email to Denise Agurs ("Agurs") complaining about this incident and Bracey's comments regarding his sexuality.

17. Vance's complaint to Agurs is considered statutorily protected under Title VII.

18. After Vance's complaint, Bracey emailed Defendant's manager of payroll, Shelley Wash, and asked that Vance's time and/or payroll entries be retroactively adjusted. These adjustments made it to where Vance had little to no further time off.

19. After not receiving a response to his email, Vance filed an inquiry with the Equal

Employment Opportunity Commission ("EEOC"). He scheduled a meeting with an EEOC claims intake investigator for June 20, 2023.

20. Defendant's paralegal, Latasha Higgins ("Higgins"), later acknowledged that she receives notices from the EEOC, including when an inquiry is filed. As such, Vance's filing of an inquiry with the EEOC is statutorily-protected conduct under Title VII.

21. Later, on or about June 14, 2023, Bracey accused Vance of being "emotionally sensitive" in regards to his handling of certain programs and job roles. Vance reasonably believed that Bracey's comment was directed toward him based upon a negative stereotype of homosexual men and as further harassment based on sex.

22. On or about June 16, 2023, Vance had a meeting with Defendant's in-house legal counsel, Jill Russell ("Russell"), relating to his statutorily-protected complaints. Vance informed Russell of his concerns relating to Bracey, his complaints of sexual harassment and/or Bracey's comments on his sexuality, and that he had a meeting with the EEOC on June 20, 2023. Russell encouraged Vance to go forward with the EEOC process.

23. Vance attended his meeting with the EEOC on June 20, 2023. Ultimately, he opted not to draft and file a formal Charge of Discrimination at that time.

24. The very next day, Vance had a meeting with Agurs and Higgins. Higgins acknowledged Vance's complaints in relation to sexual harassment / questioning his sexuality at the very outset of the meeting. During the meeting, Vance explained his complaints and reaffirms those very same complaints. Agurs and Higgins all acknowledged that he had made complaints, and had complained to the EEOC, during this meeting. Additionally, Vance complained that he had been retaliated against in several instances, including, but not limited to, when his time cards were retroactively changed by Bracey. At the close of the meeting, Vance's employment was terminated.

25. Approximately eight (8) days later, Vance received a letter with pretextual reasons for his termination.

26. Defendant had not issued any discipline to Vance before his discharge.

27. Vance had no notice his employment was in jeopardy before Defendant fired him.

28. Defendant fired Vance because of his statutorily-protected conduct.

29. Any reason proffered by Defendant for the adverse actions it took against Vance is pretextual.

30. Vance has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

## RETALIATION – TITLE VII

31. Vance hereby incorporates paragraphs 1-30 of his Complaint.

32. Vance engaged in statutorily-protected conduct.

33. Defendant took adverse employment actions against Vance because of his statutorily-protected conduct.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Vance's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Sayquan D. Vance, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant pay lost wages and benefits to Vance;

2. Defendant reinstate Vance to the same position, with the requisite pay, seniority, and

benefits, or pay front pay and benefits to him in lieu of reinstatement;

      3.     Defendant pay compensatory damages to Vance;

      4.     Defendant pay pre- and post-judgment interest to Vance;

      5.     Defendant pay Vance's attorneys' fees and costs incurred in litigating this action; and

      6.     Defendant pay to Vance any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

          Respectfully submitted,

          /s/ Bradley L. Wilson
          Bradley L. Wilson, Attorney No. 21154-49
          Shannon L. Melton, Attorney No. 29380-49

          Attorneys for Plaintiff
          Sayquan Vance

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:  (317)802-7181
Email:      bwilson@wilsonmelton.com
            smelton@wilsonmelton.com

## **DEMAND FOR JURY TRIAL**

      Plaintiff, Sayquan Vance, by counsel, respectfully requests a jury trial for all issues deemed triable.

          Respectfully submitted,

          /s/ Bradley L. Wilson
          Bradley L. Wilson, Attorney No. 21154-49

          Attorneys for Plaintiff
          Sayquan Vance